# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND WILLIAMS, | Case No. 1:23-cv-01082-KES-SAB |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL |
| v. | |
| ARAMARK CAMPUS LLC, | (ECF No. 36) |
| Defendant. | |

On June 7, 2023, Plaintiff filed this action in the Superior Court of the State of California, County of Mariposa, Case No. 23-CVCV-0011983 alleging sixteen claims. (ECF No. 1.) The action was removed to this district on July 19, 2023. (Id.)

On March 29, 2024, Plaintiff filed a request for dismissal of the action without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 36.) Because Plaintiff's notice indicated dismissal pursuant to Rule 41(a)(1)(A)(ii) rather than Rule 41(a)(1)(A)(i), the Court requested an informal status conference to clarify whether a stipulation had been reached to voluntarily dismiss the action. (ECF No. 39.) However, at the April 3, 2024 status conference, Plaintiff stated that he intended to withdraw his notice of voluntary dismissal because he took issue with contentions made within Defendant's supplemental brief (ECF No. 38), which was docketed *after* Plaintiff's Rule 41(a) notice on March 29, 2024. (See ECF No. 42.) On April 3, 2024, Plaintiff filed duplicative notices of withdrawal of his request for

1

1 dismissal pursuant to Rule 41(a), which he asserted he had "erroneously filed." (ECF Nos. 40, 41.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078; see also Duke Energy Trading and Mktg., LLC v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) ("The filing 'itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play….The effect of the filing 'is to leave the parties as though no action had been brought.' ") In this action, Defendant has not filed an answer or motion for summary judgment.

Upon review of the record and authorities, Plaintiff's March 29, 2024 Rule 41(a)(1) notice was effective on filing without a court order. Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078; Davis, 267 F.3d at 1049. Plaintiff's April 3, 2024 notices of withdrawal do not reinstate this Court's jurisdiction. Rush v. Toys 'R' Us, Case No. 2:12-cv-04139-ODW(DTBx) 2015 WL 12914162, at *1 (C.D. Cal. Aug. 5, 2015) ("Plaintiff filed a Notice of Voluntary Dismissal, which automatically terminated the case and deprived the Court of jurisdiction. Once filed, Plaintiff could not unilaterally withdraw the Notice, and the Court could not enforce the withdrawal") (citing Luv N' Care, Ltd. v. Jackel Int'l Ltd., No. CIV.A. 13–1565, 2013 WL 5726052, at *2 (W.D. La. Oct. 21, 2013) ("When a Rule 41(a)(1)(A)(i) notice of voluntary dismissal becomes effective, the plaintiff may not withdraw the notice.")). Given Plaintiff's notice of dismissal under Rule 41(a), all pending matters and dates are vacated and this action is voluntarily dismissed without prejudice.

Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: __**October 9, 2024**__

UNITED STATES MAGISTRATE JUDGE

3